IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN HARRIS,

        Plaintiff,                      No. 2:13-cv-0932 GEB AC P

   vs.

TIM V. VIRGA, Warden,

        Defendant.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        The Prison Litigation Reform Act of 1995 (PLRA) permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees; however,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

1

> detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The court takes judicial notice[1] of the national pro se "three strikes" database,[2] which indicates that plaintiff has been barred under § 1915(g) from proceeding in this court in forma pauperis since July 28, 1997. Among those cases identified in the database as strikes by plaintiff:

- <u>Harris v. Hickey</u>, No. 1:96-cv-5770 GEB HGB PC (Dismissed as frivolous by Order filed on April 7, 1997);

- <u>Harris v. Hickey</u>, No. 1:97-cv-5186 REC HGB PC (Dismissed as frivolous by Order filed on July 28, 1997);

- <u>Harris v. Coyle</u>, No. 1:97-cv-5508 AWI-DLB PC (Dismissed as frivolous, malicious and for failure to state a claim by Order filed on January 21, 1999).

The court takes further judicial notice of <u>Harris v. Brooks</u>, Case No. 09-cv-1818 DAD P, in which Magistrate Judge Drozd determined on March 22, 2010 that plaintiff had, on three or more occasions, brought an action that was dismissed for failure to state a claim upon which relief may be granted. In that Order, the following cases were identified:

- <u>Harris v. Edmonds</u>, No. 1:00-cv-5857 WWW LJO (Order dismissing action for failure to state a claim upon which relief may be granted, filed on November 27, 2000);

- <u>Harris v. Edmonds</u>, No. 1:00-cv-7160 REC SMS (Order dismissing action [with prejudice] for failure to state a claim [and for failure to comply with a court order], filed on [May 24, 2002 judgment entered on] May 28, 2002);

---

[1] Judicial notice may be taken of court records. <u>Valerio v. Boise Cascade Corp.</u>, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

[2] A Ninth Circuit committee has directed this court to access this database for PLRA three-strikes screening purposes.

- Harris v. Pliler, No. 2:01-cv-1125 WBS DAD (Order dismissing action for failure to state a claim, filed on March 15, 2002).

All of the preceding cases were dismissed well in advance of the filing of the instant action on May 10, 2013. Therefore, this court finds that plaintiff is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("it is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception under § 1915(g))"; see also, Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir.1998); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir.1998).

In his putative "complaint," plaintiff names only defendant Virga, the warden of New Folsom Prison, as a defendant. Plaintiff's statement of claim consists in whole of the following: "uneducate [sic] correctional officers." As relief he seeks as follows: "I this court to command CDCR correctional officer [sic] to get a [sic] educate [sic] and stop hate talk inmates CDCR EOP/PSU." Complaint at 2-3. Far from making the requisite showing of "imminent danger" to qualify for an exception to the "three strikes" bar under § 1915 (g), plaintiff's deficient complaint is subject to summary dismissal with prejudice as wholly frivolous. Accordingly, the undersigned will recommend that plaintiff be denied in forma pauperis status and will separately recommend that this action be summarily dismissed with prejudice as frivolous.

"Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing

3

1  Doe v. United States, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to
2  amend even if no request to amend the pleading was made, unless it determines that the pleading
3  could not be cured by the allegation of other facts."). "[A] district court retains its discretion over
4  the terms of a dismissal for failure to state a claim, including whether to make the dismissal with
5  or without leave to amend." Lopez v. Smith, 203 F.3d at 1124.

      Accordingly, IT IS RECOMMENDED that:

      1. Plaintiff be barred from proceeding in this action in forma pauperis by the three-strikes provision of 28 U.S.C. § 1915(g) and his request to proceed in forma pauperis be denied;

      2. This complaint be summarily dismissed with prejudice as wholly frivolous and this case be closed.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 18, 2013

                        /s/ Allison Claire
                        ALLISON CLAIRE
                        UNITED STATES MAGISTRATE JUDGE

AC:009
harr0932.fr